## HALL et al. v. WITTER.

(District Court, N. D. New York. May 8, 1899.)

ADMIRALTY—ACTION FOR REPAIRS AND SUPPLIES—COSTS.

The record owner of a vessel during the time repairs were made and supplies furnished to her is not entitled to recover his costs in an action brought against him to recover for such repairs and supplies, though he is successful in defeating recovery by showing that he was not in fact the owner.

In Admiralty.

Ingram, Mitchell & Williams, for libelants.
Josiah Cook, for respondent.

93 F.—62

COXÈ, District Judge. This is a libel in personam, filed November 16, 1898, against the respondent as the owner of the steam canal boat Hugo Keller, to recover for supplies furnished to the said boat and repairs made thereon during the years 1895, 1896, and 1897. It is agreed by both parties that the only question is one of fact, namely, was the respondent the owner of the Keller during the period in question? The testimony is exceedingly conflicting and it is difficult to explain some of the transactions upon any rational business principle, but after considering the entire evidence, oral and documentary, the court has reached the conclusion that the respondent was not the owner. The respondent testifies that in 1893 he sold the Keller for $6,000 to Edward Wildey, who continued to own and hold the uninterrupted possession of her until December, 1897. At the time of the sale Wildey paid the respondent $2,500. The testimony as to this payment is not denied by Wildey. Wildey had the entire management of the boat, made purchases and ordered repairs, including those in controversy, and exercised all the rights of ownership. Various payments were made from time to time on account of the sale and statements of the amounts paid were rendered by the respondent to Wildey. The latter denies the sale generally, but his testimony is inconsistent with this denial and leads to the conclusion that the respondent's version of the transaction is substantially correct. For instance, he says regarding the sale in December, 1897: "He [Witter] asked me if I would sell her [the Keller] and I told him I would if he could make arrangements. * . * * Finally I told him if he would give me $2,000 * * * I would get off the boat." Subsequently he testified that although he never agreed to pay anything for the Keller and never agreed to pay a "certain sum," he did actually pay for her; that when in December, 1897, she was transferred to Fisk he received $1,000 and later $200; that the respondent credited him from time to time with sums paid by him on the purchase money of the boat and that he expected that he would get a bill of sale when he "got the boat paid for." There is no escape from the conclusion that there was a sale; as to this fact both vendor and purchaser agree. There was no record of the conveyance and many of the respondent's acts are entirely inconsistent with his present contention, but it is thought that the presumptions arising from these acts are insufficient to overcome the positive and uncontradicted testimony establishing a sale. The libel is dismissed, but as the libelants were justified in bringing the suit against the record owner, the dismissal should be without costs.